IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

IN THE MATTER OF THE SEARCH OF:  )
                                 )
Information associated with      )
thy.muhammad@hotmail.com that is stored )
at premises controlled by Microsoft )
Corporation, and                 )
                                 )
Information associated with      )
next2none@rocketmail.com that is stored )
at premises controlled by Yahoo! Inc. )

**AFFIDAVIT IN SUPPORT OF AN
APPLICATION UNDER RULE 41 FOR A
WARRANT TO SEARCH AND SEIZE**

I, Stacey Cobane, being first duly sworn, hereby depose and state as follows:

## I.     INTRODUCTION

1.     I am employed as a Special Agent with the United States Department of the

Treasury, Internal Revenue Service ("IRS"), Criminal Investigation Division, stationed in

Vienna, Virginia.  I have been employed as a Special Agent since September 2009.  My

responsibilities include the investigation of the Internal Revenue Code and other related offenses.

I have received extensive training in criminal investigative procedures, and I have personally

conducted and assisted other IRS Special Agents, as well as other law enforcement officers, in

tax and non-tax investigations.  During the course of my duties, I have been an affiant on

previous federal search warrants, and participated in both the preparation and execution of

numerous search warrants as a federal agent.

2.     The information contained in this affidavit is a combination of this affiant's

personal knowledge of this investigation, the knowledge of other duly sworn law enforcement

officers or agents, IRS records, documents obtained from a financial institution, and email

records obtained during the execution of a search warrant in a related case.

3.      This affidavit contains only that information necessary to establish probable cause

in support of an application for a search warrant.  This affidavit is not intended to include each

and every fact and matter observed by or made known to agents of the government.

## II.     REASON FOR THE AFFIDAVIT

4.      This affidavit is submitted pursuant to Federal Rule of Criminal Procedure 41 in

support of a search warrant for information associated with:

a.      the following Hotmail account (further described in Attachment A) that is

stored at premises controlled by Microsoft Corporation ("Microsoft"), an email provider

headquartered at One Microsoft Way, Redmond, Washington:

- thy.muhammad@hotmail.com ("TARGET HOTMAIL ACCOUNT");

b.      the following Rocketmail account (further described in Attachment A) that

is stored at premises controlled by Yahoo! Inc. ("Yahoo"), an email provider located at 701 First

Avenue, Sunnyvale, California:

- next2none@rocketmail.com ("TARGET YAHOO ACCOUNT");

c.      This affidavit is made in support of an application for a search warrant

under 18 U.S.C. §§ 2703(a), 2703(b)(1)(A) and 2703(c)(1)(A) to require Microsoft and Yahoo to

disclose to the government copies of the information (including the content of communications)

further described in Section I of Attachment B.  Upon receipt of the information described in

Section I of Attachment B, government-authorized persons will review that information to locate

the items described in Section II of Attachment B.

5.      Based on my training and experience and the facts as set forth in this affidavit, there is probable cause to believe that violations of 18 U.S.C. §§ 286 (conspiracy to file false claims) and 287 (filing false claims) and 26 U.S.C. § 7206(2) (aiding or assisting in the preparation of false tax returns) have been committed by Thy Nief Muhammad.  There is also probable cause to search the information described in Attachment A for evidence and instrumentalities of these crimes further described in Attachment B.

## III.   JURISDICTION

6.      This Court has jurisdiction to issue the requested warrant because it is "a court of competent jurisdiction" as defined by 18 U.S.C. § 2711.  18 U.S.C. §§ 2703(a), (b)(1)(A) & (c)(1)(A).  Specifically, the Court is "a district court of the United States . . . that – has jurisdiction over the offense being investigated."  18 U.S.C. § 2711(3)(A)(i).

## IV.   PROBABLE CAUSE

7.       I am assisting the U.S. Department of Justice, Tax Division, with an investigation into extensive tax fraud involving THY NIEF MUHAMMAD ("MUHAMMAD"), among others.  MUHAMMAD is known to prepare false federal tax returns for his clients.

### A.   The False Tax Return Preparation Scheme

8.      During the time period relevant to this investigation, MUHAMMAD ran Seventh Millennium International ("Seventh Millennium"), a business with an address in Freedom Hill, North Carolina.  Seventh Millennium offered many different financial and legal services, including tax preparation services, to its clients.

9.      One of MUHAMMAD's tax preparation services involved helping clients set up purported trusts that existed for the sole purpose of committing tax fraud and then preparing and

filing IRS Forms 1041 ("U.S. Income Tax Return for Estates and Trusts") on behalf of these trusts.

10.     Under non-fraudulent circumstances, IRS Form 1041 is used to report the income of a trust.  The return also reports deductions to which the trust is lawfully entitled and tax payments that the trust has already made.  If the trust is owed a tax refund, IRS Form 1041 can include a request for such a refund.

11.     In MUHAMMAD's tax fraud scheme, MUHAMMAD's clients became the named fiduciaries for various trusts.  Once the trusts were established, MUHAMMAD filed false Forms 1041 on behalf of these trusts.  On these federal tax returns, MUHAMMAD falsely claimed that the federal government had withheld federal income tax from the trust.  Based on this false information regarding withholding, MUHAMMAD would then falsely claim that the trust was due a refund.  As described below, in at least one case, a trust's named fiduciary received a refund and paid a large portion of the refund back to MUHAMMAD.

12.     Based on IRS records, MUHAMMAD has prepared and filed at least nine IRS Forms 1041 that have requested fraudulent refunds.  His name is listed in the "Preparer Name" field of these returns as either "Thy Muhamad" or "Thy N Muhammad."  MUHAMMAD's preparer "Firm Name" is "Seventh Millennium International" or "Seventh Millennium Internat," referring to the tax preparation business that MUHAMMAD operated.  Furthermore, on these nine returns, the "Electronic Filing Identification Number"[1] is "695749," the "Preparer Employer

---

[1] An "Electronic Filing Identification Number" or EFIN is a unique number issued by the IRS to a return preparer; its presence on the return indicates that the return was prepared and/or reviewed by the person to whom that EFIN is registered.

Identification Number"[2] is "46-2377752," and the "Preparer Tax Identification Number"[3] is

"P01683149."  On or about August 28, 2013, an e-file application was submitted for Seventh

Millennium, EIN 46-2377752.  The e-file Application Information Summary[4] lists Thy N

Muhammad as "Principal" and "Responsible Official," and also lists an EFIN of 695749 with the

status "Active" as of August 28, 2013.  The e-file Application Information Principal(s)[5] lists Thy

N Muhammad with the title "CEO" and the TARGET HOTMAIL ACCOUNT as his email

address.

13.     The returns MUHAMMAD prepared were false because they reported

nonexistent tax withholdings and requested refunds of taxes never paid to the IRS.  For example,

one client, CLIENT A, a Washington, DC, resident, established a fake trust, Created in His

Image Express Trust, in approximately July of 2013.  In October of 2013, MUHAMMAD

electronically filed a false Form 1041 for Created in His Image Express Trust requesting a

$519,211 refund.  The IRS paid out a $527,425 refund to Created in His Image Express Trust in

April of 2014.

14.     Based on IRS records, Created in His Image Express Trust did not have income

nor did it pay over withholdings.  Accordingly, the trust was not entitled to a refund.

---

[2] An "Employer Identification Number" or EIN is used to identify a business entity.

[3] A "Preparer Tax Identification Number" or PTIN is used to identify the individual person who prepares or assists in preparing a federal tax return for compensation.

[4] The e-file "Application Information Summary" is a report generated by the IRS.  The report is based on information originally entered by the person applying for an EFIN at the time he or she applied for the EFIN.

[5] The e-file "Application Information Principal(s)" is also a report generated by the IRS.  This report is also based on information entered by the EFIN applicant at the time he or she applies for an EFIN.

15.     MUHAMMAD is further associated with the Created in His Image Express Trust false return because CLIENT A paid him $77,882 of the refund CLIENT A received. MUHAMMAD received payment by means of a cashier's check dated May 1, 2014, and made out to "Seventh Millennium Inter Trade & Holding."  This check was negotiated, and appears to have been endorsed by "Mr. Thy N. Muhammad."

16.     Furthermore, based on IRS records, MUHAMMAD did not report the $77,882 payment from CLIENT A as income to himself on his own personal tax return.  In a non-fraudulent context, this income would be reported on a Schedule C ("Profit or Loss From Business (Sole Proprietorship)") attached to a Form 1040 ("U.S. Individual Income Tax Return").  MUHAMMAD failed to file a Form 1040 for the 2014 tax year.

**B.  The Use of TARGET HOTMAIL and TARGET YAHOO ACCOUNTS as Part of the Fraud Scheme**

17.     MUHAMMAD also had customers of the tax fraud scheme who resided in Maryland.  Among them were CLIENT B and CLIENT C.  In approximately October 2013, CLIENT B filed a false claim for a $500,136 refund pursuant to the scheme.  In approximately July 2014, CLIENT C filed a false claim for a $525,948 refund, again pursuant to MUHAMMAD's scheme.

18.     Emails from an executed search warrant in a case related to CLIENT B and CLIENT C show that MUHAMMAD corresponded with these and other tax fraud clients from both TARGET HOTMAIL ACCOUNT and TARGET YAHOO ACCOUNT.

a.   On March 20, 2014, an email was sent from TARGET HOTMAIL ACCOUNT to smpdayspa@aol.com, CLIENT B's email address, that instructed the recipient to "[p]lease Read Carefully, Follow All Instructions, Fill Out Information."

6

Attached to this email were multiple forms and documents to help the client participate in MUHAMMAD's tax fraud scheme, including ones titled "1041 Organizer" and "Contribution for Trust Models."

b. It is also clear that MUHAMMAD used TARGET YAHOO ACCOUNT because the text of, and attachments to, numerous emails from that address, sent over multiple years, include his name, his company's name, and/or his company's address.

    i. For example, a June 24, 2013 email from TARGET YAHOO ACCOUNT to CLIENT B lists the following contact information in the body of the email: "Thy' N. Muhammad or Seventh Millennium International." This email also lists an address of "3706 Clayton Place" in "Freedom Hill North Carolina."

    ii. A March 10, 2015 email from TARGET YAHOO ACCOUNT to CLIENT B also includes MUHAMMAD's name.

c. Furthermore, it is clear that TARGET YAHOO ACCOUNT was used extensively to correspond with clients regarding the fraudulent scheme between, at the very least, 2013 and 2015.

    i. For example, in September 2013, there are multiple emails between TARGET YAHOO ACCOUNT and CLIENT B regarding individuals whom CLIENT B was referring to MUHAMMAD as potential customers and the fees for the services MUHAMMAD provided, including $450 for "1041 Tax Form (fiduciary)."

    ii.   On March 6, 2014, TARGET YAHOO ACCOUNT sent information to various individuals, including CLIENT B, informing them about "[t]he Treasury Offset Program to credit an overpayment to an order of restitution…affectionately known as 'The 1041' process," which the email described as "a method used to extract currency and transfer it to a form to be used to initiate the funding of an Express Trust."

    iii.   On August 25, 2014, an email from TARGET YAHOO ACCOUNT to CLIENT B, with the subject line "Frivolous Filing," instructed the recipient, "Fill this form out using all 0's in response to the frivolous filing," and included the link to an IRS Form 1041.  It is a common tactic for individuals participating in this type of tax fraud scheme to send "zeroed out" returns to the IRS once the IRS notifies them that they have submitted frivolous filings.

19.    In light of MUHAMMAD's historical use of TARGET HOTMAIL ACCOUNT on forms submitted to IRS and in at least one client communication, and his extensive historical use of TARGET YAHOO ACCOUNT to communicate with clients regarding the fraudulent tax scheme, there is probable cause to believe that a review of the contents of both email addresses would reveal evidence regarding MUHAMMAD's communications (a) with his clients or potential clients of his business, and (b) with third parties regarding tax preparation activities.

20.    In light of MUHAMMAD's known unreported personal income (i.e., the $77,882 cashier's check received from CLIENT A), there is also probable cause to believe that a review of the contents of both email addresses would reveal evidence regarding MUHAMMAD's failure to report his own income and expenditures on his personal tax returns.

21.     The U.S. Department of Justice, Tax Division, sent a preservation request to
Microsoft (preservation record number:  GCC-775055-W0S0G3), regarding TARGET
HOTMAIL ACCOUNT, and to Yahoo, regarding TARGET YAHOO ACCOUNT, on July 11,
2016, requesting that each company preserve all stored communications, records, and other
evidence regarding their respective email accounts.  Therefore, at a minimum, the emails and
other records in Microsoft's and Yahoo's possession as of July 11, 2016, will still be in
Microsoft's and Yahoo's possession as of the date the government executes a search warrant.
Furthermore, in general, an email that is sent to a Hotmail or Rocketmail subscriber is stored in
the subscriber's "mail box" on Microsoft or Yahoo servers, respectively, until the subscriber
deletes the email.  If the subscriber does not delete the message, the message can remain on the
servers indefinitely.  In my training and experience, individuals generally retain at least some
business-related emails.  Even if the subscriber deletes the email, it may continue to be available
on Microsoft's or Yahoo's servers for a certain period of time.

## V.     BACKGROUND CONCERNING EMAIL

22.     In my training and experience, I have learned that Microsoft and Yahoo provide a
variety of on-line services, including electronic mail ("email") access, to the public.  Microsoft
and Yahoo allow subscribers to obtain email accounts at the domain names hotmail.com and
rocketmail.com, respectively, like the email accounts listed in Attachment A.  Subscribers obtain
an account by registering with Hotmail or Rocketmail.  During the registration process, Hotmail
and Rocketmail ask subscribers to provide basic personal information.  Therefore, the computers
of Microsoft and Yahoo are likely to contain stored electronic communications (including
retrieved and unretrieved email for Hotmail and Rocketmail subscribers, respectively) and
information concerning subscribers and their use of Microsoft and Yahoo services, such as

9

account access information, email transaction information, and account application information.

In my training and experience, such information may constitute evidence of the crimes under

investigation because the information can be used to identify the account's user or users.

  23. A Hotmail or Rocketmail subscriber can also store with the provider files in

addition to emails, such as address books, contact or buddy lists, calendar data, pictures (other

than ones attached to emails), and other files, on servers maintained and/or owned by Microsoft

or Yahoo.  In my training and experience, evidence of who was using an email account may be

found in address books, contact or buddy lists, email in the account, and attachments to emails,

including pictures and files.

  24. In my training and experience, email providers generally ask their subscribers to

provide certain personal identifying information when registering for an email account.  Such

information can include the subscriber's full name, physical address, telephone numbers and

other identifiers, alternative email addresses, and, for paying subscribers, means and source of

payment (including any credit or bank account number).  In my training and experience, such

information may constitute evidence of the crimes under investigation because the information

can be used to identify the account's user or users.  Based on my training and my experience, I

know that even if subscribers insert false information to conceal their identity, I know that this

information often provide clues to their identity, location or illicit activities.

  25. In my training and experience, email providers typically retain certain

transactional information about the creation and use of each account on their systems.  This

information can include the date on which the account was created, the length of service, records

of log-in (i.e., session) times and durations, the types of service utilized, the status of the account

(including whether the account is inactive or closed), the methods used to connect to the account

(such as logging into the account via the provider's website), and other log files that reflect usage of the account.  In addition, email providers often have records of the Internet Protocol address ("IP address") used to register the account and the IP addresses associated with particular logins to the account.  Because every device that connects to the Internet must use an IP address, IP address information can help to identify which computers or other devices were used to access the email account.

26.     In my training and experience, in some cases, email account users will communicate directly with an email service provider about issues relating to the account, such as technical problems, billing inquiries, or complaints from other users.  Email providers typically retain records about such communications, including records of contacts between the user and the provider's support services, as well records of any actions taken by the provider or user as a result of the communications.  In my training and experience, such information may constitute evidence of the crimes under investigation because the information can be used to identify the account's user or users.

27.     As explained herein, information stored in connection with an email account may provide crucial evidence of the "who, what, why, when, where, and how" of the criminal conduct under investigation, thus enabling the United States to establish and prove each element or, alternatively, to exclude the innocent from further suspicion.  In my training and experience, the information stored in connection with an email account can indicate who has used or controlled the account.  This "user attribution" evidence is analogous to the search for "indicia of occupancy" while executing a search warrant at a residence.  For example, email communications, contacts lists, and images sent (and the data associated with the foregoing, such as date and time) may indicate who used or controlled the account at a relevant time.  Further,

information maintained by the email provider can show how and when the account was accessed or used.  For example, as described below, email providers typically log the Internet Protocol (IP) addresses from which users access the email account along with the time and date.  By determining the physical location associated with the logged IP addresses, investigators can understand the chronological and geographic context of the email account access and use relating to the crime under investigation.  This geographic and timeline information may tend to either inculpate or exculpate the account owner.  Additionally, information stored at the user's account may further indicate the geographic location of the account user at a particular time (e.g., location information integrated into an image or video sent via email).  Last, stored electronic data may provide relevant insight into the email account owner's state of mind as it relates to the offense under investigation.  For example, information in the email account may indicate the owner's motive and intent to commit a crime (e.g., communications relating to the crime), or consciousness of guilt (e.g., deleting communications in an effort to conceal them from law enforcement).

## VI.  **CONCLUSION**

28.  Based on the foregoing, I submit that probable cause exists to believe that instrumentalities and evidence of violations of Title 18, United States Code, Sections 286 and 287, and Title 26, United States Code, Section 7206(2), are presently located in records related to the email accounts described in Attachment A.  Therefore, I respectfully request that this Court issue a search warrant for the email accounts further described in Attachment A, for items and information further described in Attachment B.

Respectfully submitted,

_____

Stacey Cobane
Special Agent
IRS-Criminal Investigation

Subscribed and sworn to before me on _____, 201____

_____

The Honorable G. Michael Harvey
UNITED STATES MAGISTRATE JUDGE

13

**<u>ATTACHMENT A</u>**

**Property to Be Searched**

This warrant applies to (1) information associated with thy.muhammad@hotmail.com that is stored at premises controlled by Microsoft, a company that accepts service of legal process at One Microsoft Way, Redmond, WA 98052-6399; and (2) information associated with next2none@rocketmail.com that is stored at premises controlled by Yahoo, a company that accepts service of legal process at 701 First Avenue, Sunnyvale, CA 94089.

14435098.1

## ATTACHMENT B

### Particular Things to Be Seized

**I.      Information to Be Disclosed by Microsoft and Yahoo (the "Providers")**

To the extent that the information described in Attachment A is within the possession, custody, or control of the Providers, including any emails, records, files, logs, or information that has been deleted but is still available to the Providers, or has been preserved pursuant to a request made under 18 U.S.C. § 2703(f) on July 11, 2016, the Providers are required to disclose the following information to the government for each account or identifier listed in Attachment A:

a.      The contents of all emails associated with the account, including stored or preserved copies of emails sent to and from the account, draft emails, the source and destination addresses associated with each email, the date and time at which each email was sent, and the size and length of each email;

b.      All records or other information regarding the identification of the account, to include full name, physical address, telephone numbers and other identifiers, records of session times and durations, the date on which the account was created, the length of service, the IP address used to register the account, log-in IP addresses associated with session times and dates, account status, alternative email addresses provided during registration, methods of connecting, log files, and means and source of payment (including any credit or bank account number);

c.      The types of service utilized;

d.      All records or other information stored at any time by an individual using the account, including address books, contact and buddy lists, calendar data, pictures, and files;

e.      All records pertaining to communications between the Providers and any person regarding the account, including contacts with support services and records of actions taken.

## II.     Information to Be Seized by the Government

All information described above in Section I that constitutes evidence or instrumentalities of violations of 18 U.S.C. §§ 286 and 287 or 26 U.S.C. § 7206(2), or evidence or instrumentalities of any other federal tax crimes, those violations involving Thy N. Muhammad and occurring after January 1, 2013, including, for each account or identifier listed on Attachment A, information pertaining to the following matters:

(a) Communications with his clients or potential clients of his business, or with third parties regarding tax preparation activities;

(b) Communications regarding his income and expenditures or personal tax returns;

(c) Communications with the Internal Revenue Service;

(d) Evidence indicating how and when the email account was accessed or used, to determine the geographic and chronological context of account access, use, and events relating to the crime under investigation and to the email account owner;

(e) Evidence indicating the email account owner's state of mind as it relates to the crimes under investigation;

(f) The identity of the person(s) who created or used the user ID, including records that help reveal the whereabouts of such person(s).

(g) The identity of the person(s) who communicated with the user ID about matters relating to MUHAMMAD's tax fraud scheme, including records that help reveal their whereabouts.